UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CEDRIC LAMONT HYMES,

    Plaintiff,

v.                                                   CASE NO. 8:18-CV-1816-T-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## **ORDER**

This is an action for review of the administrative denial of disability insurance benefits (DIB), period of disability benefits, and Supplemental Security Income benefits (SSI). *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff argues the Administrative Law Judge (ALJ) erred by failing to consider all of his alleged impairments; finding him capable of light work despite a prior finding that he could only perform sedentary work; and by failing to properly evaluate his credibility. He also asserts the Appeals Council erred in concluding the additional evidence he submitted was not new and material and denying his request for review of the ALJ's decision. After considering the parties' joint memorandum (doc. 17) and the administrative record, I conclude the Appeals Council erred in denying Plaintiff's request for review.

    A.     *Background*

Plaintiff, who was born in 1971, claimed disability beginning November 22, 2014 (R. 246, 150). Plaintiff obtained an eleventh-grade education (R. 296). His past relevant work experience included work as a warehouse worker or order puller (R. 70-71). Plaintiff alleged disability due

1

to human immunodeficiency virus ("HIV"), a heart condition, shortness of breath, back pain, and dizziness (Tr. 295).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2017, and that Plaintiff had not engaged in substantial gainful activity since November 22, 2014, the alleged onset date (R. 14). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: HIV with acquired immunodeficiency syndrome ("AIDS"), hyperlipidemia, obesity, and a breathing disorder, claimed as chronic obstructive pulmonary disease ("COPD") (R. 14). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. 15). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except that Plaintiff could not climb ropes or scaffolds; could occasionally climb ladders and stairs, stoop, kneel, crouch, and crawl; could frequently balance, climb ramps, reach, and handle; must avoid concentrated/frequent exposure to extreme cold, extreme heat, excessive vibration, environmental irritants, and industrial hazards; could not work in food preparation jobs; and limited to any continuous standing or continuous walking up to 20 minutes, followed by an option to sit for up to 5 minutes (R. 16). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (R. 17).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (R. 18). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a photo copier/scanner, mail sorter (private industry), and clerical addresser (R. 19). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (R. 11). On appeal, Plaintiff submitted additional evidence to the Appeals Council, however the Appeals Council found no reason to review the ALJ's decision and denied Plaintiff's request for review (R. 1). Plaintiff, after exhausting his administrative remedies, filed this action.

### B. *Standard of Review*

To be entitled to DIB and/or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner

must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

C. *Discussion*

1. *Appeals Council*

When he requested Appeals Council review, Plaintiff submitted additional evidence, a two-page Mental Residual Functional Capacity Assessment, a six-page report, and IQ test results from psychologist Gregory C. Marone, Ed.D., dated May 4, 2018, six months after the ALJ's unfavorable decision. In denying review, the Appeals Council found the additional evidence did not relate to the period at issue, and therefore it did not affect the decision about whether he was disabled on or before November 7, 2017 (R. 2). Plaintiff asserts the Appeals Council should have granted review because the additional evidence he submitted was new and material, and related to the period at issue. I agree.

Title 20 C.F.R. § 404.970 sets forth the circumstances when the Appeals Council will review the ALJ's decision. When Plaintiff requested Appeals Council review on November 16, 2017, a revised version of § 404.970, effective on January 17, 2017, was in force. The 2017 version of § 404.970 raised the bar for obtaining Appeals Council review of an ALJ's unfavorable decision. The revised regulation adds the requirement of a "reasonable probability" that the additional evidence would change the decision. The prior version did not include this requirement, although the Eleventh Circuit case law imposed a "reasonable possibility" requirement. Under the revised regulation, § 404.970(a)(5), the Appeals Council reviews a case if the claimant proffers "additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 970(a)(5) (2017). Evidence is material if "a reasonable probability exists that the evidence will change the administrative outcome." *Hargress v. Comm'r of Soc. Sec Admin.*, 883 F.3d 1302, 1308 (11th Cir. 2018) (internal citations omitted). New

5

evidence is chronologically relevant if it "relates to the period on or before the date of the [ALJ's hearing decision." *Id.*

The new version also requires a showing of good cause for the failure to submit the additional evidence earlier. *See* 20 C.F.R. § 404.970(b).[1] Although the Appeals Council's Notice of Action advised Plaintiff that he must "show good cause for why [he] missed informing us about or submitting [the new evidence] earlier," the Appeals Council did not address the good cause requirement in denying review. *See* doc. 11-2, pp. 1-2. Rather, the Appeals Council denied review because it found the new evidence "does not relate to the period at issue." *Id.* at p.2. Because the Appeals Council did not reject Plaintiff's new evidence for lack of good cause and the parties did not address the good cause requirement in their memorandum of law, I will not either. Following the Eleventh Circuit's lead in *Bailey v. Comm'r of Soc. Sec.*, I will limit my consideration to the new § 404.970(a)(5) criteria, and will not address § 404.970(b)'s good cause requirement. *See Bailey*, 2019 WL 3383638, n.6 (11th Cir. July 26, 2019) ("leaving for another day the implications of these amendments" and instead applying previous version of regulation where Appeals Council did not require a good cause showing and the parties did not argue that the good cause requirement

---

[1] Specifically, § 404.970(b) provides:
The Appeals Council will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 404.935 because: (1) Our action misled you; (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to: (i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person; (ii) There was a death or serious illness in your immediate family; (iii) Important records were destroyed or damaged by fire or other accidental cause; (iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing; or (v) You received a hearing level decision on the record and the Appeals Council reviewed your decision.

applied or affected the outcome). *See also McIntyre v. Berryhill*, 2018 WL 5621483 (S.D. Fla. 2018) (stating Appeals Council did not make good cause finding one way or other and court would "follow suit" and limit its consideration to the 404.970(a)(5) criteria).

Where, as here, the Appeals Council decides not to review the ALJ's denial of benefits, it must "adequately evaluate" the new evidence. The Appeals Council's "adequate evaluation," however, does not require a detailed discussion of a claimant's new evidence. Rather, a statement that the Appeals Council considered the additional evidence and determined that the information did not provide a basis for changing the ALJ's decision is sufficient. *See e.g. Mitchell v. Comm'r Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Federal courts must review *de novo* the Appeals Council's decision as to whether the additional evidence meets the new, material, and chronologically relevant standard. *Washington v. Comm'r of Soc. Sec.*, 806 F.3d 1317, 1321 (11th Cir. 2015). If the Appeals Council erroneously refused to consider newly submitted evidence, it committed legal error and remand is appropriate. *Id.*

The additional evidence Plaintiff submitted to the Appeals Council is certainly "new" as it did not exist before the ALJ's decision. And I find it chronologically relevant too. In a similar case the Eleventh Circuit found that the Appeals Council erred in denying review of a psychological evaluation that post-dated the ALJ's decision. *Washington*, *supra,* at 1321. The *Washington* court concluded that even though it post-dated the ALJ's decision this additional evidence was chronologically relevant since it included mental health opinions about Washington's cognitive defects, verbal skills, and intellectual disability that related back to the period before the ALJ's decision. *Id.* at 1322. And the court found there was a reasonable possibility that the additional evidence could establish that Washington had an impairment that met or equaled listing 12.04. The *Washington* court explained that the new opinions were not

7

cumulative because "there is no other evidence in the record addressing the combined effect of Mr. Washington's cognitive limitations and hallucinations, which Dr. Wilson explained caused an extreme degree of limitation in his social interactions, sustaining concentration, and persistence." *Id.* at n.6.[2]

The new evidence here is similar to Washington's "new" evidence as it concerns new opinions from a psychologist about Plaintiff's intellectual functioning and cognitive defects. As in *Washington*, the new evidence includes a new diagnosis, here neurocognitive disorder due to HIV infection. Given that Plaintiff's HIV diagnosis preceded the relevant time period, I find the new evidence is chronologically relevant since. Dr. Marone explained in his report that "rapid progression of the neurocognitive impression is often uncommon" and opined that "[v]ocationally, I suspect that obtaining and sustaining even part- time employment may be extremely difficult for him, and limit to unskilled, nonstrenuous activities allowing flexible breaks and positioning" (R. 38). Dr. Marone's Mental Residual Functional Capacity Assessment buttresses her opinions. The assessment form indicates Plaintiff had severe limitations in several areas and moderate limitations in many areas (R. 31-32). When the ALJ evaluated Plaintiff's paragraph "B" criteria and mental functioning, he discussed that Plaintiff's second grade education records indicated low average range of intelligence. In deciding that had only mild limitations in understanding, remembering or applying information; interacting with others; concentration, persistence, and maintaining pace; and adapting or managing oneself, the ALJ noted that the second grade evaluation was 39 years old and that Plaintiff's work history demonstrated adaptive functioning (R. 15). Unfortunately,

---

[2] Although the *Washington* decision was decided under the prior version of § 404.970, this distinction is not significant as the crucial issue in both cases is the chronological relevance of the additional evidence.

the ALJ did not have the benefit of any more recent school evaluations or any psychological/ psychiatric records in the administrative record before him. And he did not have the opportunity to weigh the new opinions that conflict with his RFC and disability determination. I find the additional evidence is material and chronologically relevant. Remand is needed for consideration of this additional evidence. *See Keene v. Comm'r of Soc. Sec*., 2019 WL 317441 (M.D. Fla. Jan. 7, 2019) (finding Appeals Council erred in denying review as there was reasonable probability that new evidence would change ALJ's decision where new evidence was a mental source statement that included an additional diagnosis of schizophrenia that ALJ had not had opportunity to consider); *McIntyre v. Berryhill,* 2018 WL 5621483 (S.D. Fla. Oct. 30, 2018) (finding new evidence in form of questionnaires from two doctors with well-established treating relationships with claimant expressly related back to relative time period and "better left for ALJ to weigh out and resolve"). I stop short of weighing Dr. Marone's opinions. As the *McIntyre* court explained:

> The ALJ will be the one to determine if there is good cause to discount the two RFC questionnaires. For now, this Court finds a "reasonable probability" that the additional evidence could lead to a different outcome. Whether it actually does will be for the ALJ to decide on the merits.

*McIntyre*, at *7.

### 2. *remaining issues*

Plaintiff raises other issues that I need not address in light of the remand. However, one issue, "the law of the case"/ *res judicata*, warrants a short discussion. In a prior ALJ decision based on a previous disability application, an ALJ found Plaintiff not disabled and capable of performing sedentary work. Plaintiff argues that the ALJ's determination that he could perform no more than sedentary work should have become the "law of the case" applicable in this case. The Commissioner responds that the "law of the case" doctrine is inapplicable to social security

administrative hearings not fully adjudicated in federal court. Similarly, the Commissioner asserts that administrative *res judicata* is inapplicable too since Plaintiff's current application for disability benefits differs from his previous application as it involves a subsequent unadjudicated time period and different facts. I agree. *See Griffin v. Comm'r. of Soc. Sec.*, 560 Fed. App'x 837, 844 (11th Cir. 2014) (declining to give prior ALJ decision *res judicata* effect as the prior decision adjudicated a different time period and did not finally adjudicate any issues or facts raised in subsequent proceeding); *Moreno v. Astrue*, 366 Fed. App'x 23, 27 (11th Cir. 2010).

D.  *Conclusion*

For the reasons stated above, it is ORDERED:

1. The ALJ's decision is REVERSED; and the case is remanded to the Commissioner for further administrative proceedings consistent with this Order; and

2. The Clerk of Court is directed to enter judgment for Plaintiff and close the case.

DONE and ORDERED in Tampa, Florida on September 20, 2019.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE